UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE GEORGE WASHINGTON UNIVERSITY, <br><br> 1918 F Street NW <br> Washington, DC 20052 <br><br> Plaintiff, <br><br> v. <br><br> FACTORY MUTUAL INSURANCE COMPANY, <br><br> 270 Central Avenue <br> Johnston, RI 02919 <br><br> Defendant. | Case No.  1:21-cv-3006 <br><br> Judge: |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Factory Mutual Insurance Company ("Factory Mutual") hereby removes to this Court the state court action described below pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

1.  On October 22, 2021, Plaintiff The George Washington University (the "University") filed a complaint for breach of contract and declaratory relief in the Superior Court of the District of Columbia styled as *The George Washington University v. Factory Mutual Insurance Co.*, Case No. 2021 CA 003837 B (the "Complaint" or "Compl.").[1] The Complaint seeks insurance coverage from Factory Mutual for loss of income resulting from the COVID-19 virus.  Compl. at ¶7.

---

[1] In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the state court action is attached hereto collectively as Exhibit 1.

2. Plaintiff served Factory Mutual with summons and Complaint on October 26, 2021. *See* Ex. 1.

### I. JURISDICTION IS BASED ON DIVERSITY OF CITIZENSHIP, 28 U.S.C. §§ 1332, 1441(a)

3. Section 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

4. This Court has original jurisdiction over this civil action because there is complete diversity of citizenship between the parties both as of the time of filing of this action and as of the date of its removal and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *see also* 28 U.S.C. § 1446.

5. Venue in this Court is proper under 28 U.S.C. § 1441(a) because this action is being removed from the state court in which it was originally filed, the Superior Court of the District of Columbia, to the district court "embracing the place where such action is pending." 28 U.S.C. § 1441(a).

#### A. Plaintiff And Defendant Are Completely Diverse

6. A corporation is "deemed to be a citizen of the state in which it is incorporated *and* the state where it maintains its principal place of business." *Heritage Educ. Tr. v. Katz*, 287 F. Supp. 2d 34, 36 (D.D.C. 2003) (emphasis in original); *see also* 28 U.S.C. § 1332(c)(1).

7. Plaintiff University is incorporated in the District of Columbia and its principal place of business is in the District of Columbia. Compl. ¶19. Therefore, the University is a citizen of the District of Columbia for diversity purposes.

8. Defendant Factory Mutual is a corporation organized under the laws of Rhode Island and its principal place of business is in Rhode Island. Compl. ¶21. Therefore, Factory Mutual is a citizen of Rhode Island for diversity purposes.

9. Complete diversity exists between the parties.

**B.   The Amount In Controversy Exceeds $75,000**

10. A defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds $75,000. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Pursuant to 28 U.S.C. § 1446(c)(2), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy...."

11. Plaintiff is allegedly an institution of higher education providing services to students at residential campuses in and around Washington, D.C. Compl. ¶1. In the Complaint, the University alleges that it suffered "hundreds of millions" of dollars in losses as a result of the COVID-19 virus, *id.* at ¶113, and that the insurance policy sold by Factory Mutual provide several types of coverage that insure against such losses. *Id.* at ¶125.

12. Plaintiff demands compensatory and consequential damages, interest, attorneys' fees and costs, and exemplary and punitive damages for the alleged breaches and non-payment of these losses. *Id.* at Prayer for Relief. Those amounts sought exceed $75,000.

13. Accordingly, because Plaintiff's allegations demonstrate that it seeks more than $75,000 of insurance coverage under the policy issued by Factory Mutual, the jurisdictional threshold is satisfied.

**II.   PROCEDURAL REQUIREMENTS**

14. Removal is timely pursuant to 28 U.S.C. § 1446(b) because Factory Mutual filed this Notice of Removal within 30 days of being served with process.

15. Pursuant to 28 U.S.C. § 1446(d), Factory Mutual will promptly serve a copy of this Notice of Removal on counsel for the University and will file a copy of this Notice of Removal with the clerk of the Superior Court of the District of Columbia.

## III. RESERVATION OF DEFENSES

16. As of the filing of this Notice of Removal, no further proceedings have been had in the state court action.

17. Nothing in this Notice of Removal shall be interpreted as a relinquishment of Defendant's right to assert any defense or affirmative matter, including to bring a motion pursuant to Federal Rule of Civil Procedure 12.

18. Factory Mutual reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Factory Mutual removes this action, pending in the Superior Court of the District of Columbia, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

DATED:  November 12, 2021

/s/ Abram J. Ellis
Abram J. Ellis (D.C. Bar No. 497634)
Jonathan D. Porter (D.C. Bar No. 997575)
SIMPSON THACHER & BARTLETT LLP
900 G Street, NW
Washington, DC 20001
Tel: (202) 636-5579
Fax: (202) 636-5502
aellis@stblaw.com
jporter@stblaw.com

Bryce L. Friedman
(*pro hac vice application forthcoming*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Tel: (212) 455-2000
Fax: (212) 455-2502
bfriedman@stblaw.com

*Attorneys for Defendant Factory Mutual Insurance Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 12, 2021, I caused to be served by first class mail, postage prepaid, a true and correct copy of the foregoing to the following:

Matthew J. Schlesinger
Attorney for Plaintiff
Covington & Burling LLP
One CityCenter
850 Tenth Street Northwest
Washington, DC 20001
Phone: (202) 662-6000
Email: mschlesinger@cov.com

       /s/ Abram J. Ellis
       Abram J. Ellis (DC Bar No. 497634)